IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RAQUEL LEDESMA, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| PHILIP AGOK RUBIN, § | |
| ELIJAH MAKOUL JOCK, SPLIT LLC, § | |
| and GTL TRUCK LINES INC, d/b/a § | Case No. 6:24-cv-00401-ADA-DTG |
| SPARTANNASH § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Now comes Raquel Ledesma and files Plaintiff's First Amended Complaint, complaining of Defendants Phillip Agok Rubin, Elijah Makuol Jock, Split LLC ("Defendant Split"), and GTL Truck Lines d/b/a Spartnanash ("Defendant GTL") and would show the Court as follows:

**Discovery Control Plan**

1. Plaintiff intends to conduct discovery under Federal Rule of Civil Procedure Rule 16.

**Parties**

2. Plaintiff Raquel Ledesma is an individual who resides in the state of Texas.

3. Defendant Philip Agok Rubin is an individual who, at the time of the incident, resided in the state of Iowa and may be served with process at 1642 13th St, Des Moines IA 50314 or wherever he may be found. Service of this Defendant with Plaintiff's Original Petition filed in Texas State Court is pending.

4. Defendant Elijah Makuol Jock is an individual who, at the time of the incident, resided in the state of Nebraska. Defendant Jock has been served with Plaintiff's Original Petition filed in Texas State Court (Cause No. CV-371-24DC, 66th Judicial District Court of Hill County, Texas), and his Answer date is September 9, 2024 pursuant to Texas Rule of Civil Procedure 99(b).

5. Defendant Split LLC is a foreign for profit company that arranges for and engages in transport of

interstate commerce, regularly doing business in the State of Texas. Its USDOT Number at the time of the collision was 3655431. <u>Defendant Split has been served with Plaintiff's Original Petition filed in Texas State Court and its Answer date is September 9, 2024 pursuant to TRCP 99(b)</u>.

6. Defendant GTL Truck Lines Inc d/b/a Spartannnash is a foreign for profit company that arranges for and engages in transport of interstate commerce, regularly doing business in the State of Texas. Its USDOT Number at the time of the collision was 238700. Defendant GTL has been served, filed an Answer in Texas State Court, and then removed the case to federal court.

## Jurisdiction/Venue

7. This Court has diversity jurisdiction over Plaintiff's claims pursuant to USC §1332(a).

8. The Court further has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court.

9. Counsel for Defendant GTL filed a Notice of Removal to the United States District Court for the Western District of Texas on August 2, 2024.

## Facts

10. Upon information and belief, this lawsuit results from a motor-vehicle collision that occurred on or about August 19, 2022 in Hill County, Texas. Defendant Rubin, driving a Freightliner truck owned by Defendants Jock/Split pulling a utility trailer registered to Defendant GTL was northbound on IH 35 E when he attempted to change lanes to avoid slower traffic. In doing so, the right side of his vehicle struck the left rear quarter of Raquel Ledesma's vehicle, which was also traveling northbound on IH 35 E in the adjacent lane, causing it to spin around the front of the big rig where a second impact occurred. Ms. Ledesma and her vehicle were then propelled backwards into a concrete barrier, where she was subjected to a third impact. As a result of the collision, Plaintiff suffered severe personal physical injuries and damages.

## Negligence of Philip Rubin

11. At the time of the collision, Defendant Rubin drove negligently. As an employee driver for a common carrier, Defendant owed Plaintiff and other motorists on the public roadways a duty to use a high degree

of care in operating the tractor-trailer combination vehicle. When used with respect to the conduct of Defendant Rubin, a high degree of care means that degree of care that would be used by a very cautious, competent, and prudent person under the same or similar circumstances (49 C.F.R. § 392.14 ). Defendant breached this duty in one or more of the following ways:

    a. Failing to maintain a proper lookout;

    b. Failing to maintain proper control of Defendants' vehicle;

    c. Traveling at a rate of speed greater than that at which an ordinarily prudent person would have driven under the same or similar circumstances; and

    d. Failing to change lanes only when safe to do so.

12. Each of these acts or omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action and Ms. Ledesma's injuries and damages.

## **Negligence of Elijah Jock**

13. Upon information and belief, Defendant Jock is negligent for entrusting his vehicle to any or all of the following: unlicensed, incompetent, or reckless driver. Upon information and belief, Defendant Jock knew or should have known that Defendant Rubin was unlicensed, incompetent, or had the propensity to drive recklessly. See Restatement (Second) of Torts §308. Defendant Rubin drove negligently and/or recklessly on the occasion in question, and such negligence and/or recklessness proximately caused the Plaintiff's injuries and damages.

## **Negligence of Defendant Split**

A. *Vicarious Liability/Respondeat Superior* **(Third Restatement of Torts)**

14. Plaintiff will show that Defendant Split is liable for the damages and injuries that were proximately caused by the negligence of Defendant Rubin. Defendant had control over the manner, methods, and procedures that Defendant Rubin used in carrying out assigned duties. Defendant Split retained a contractual right of control and/or exercised actual control over the work of Defendant Rubin, including safety-related tasks.

15. At the time of the occurrence of the act in question and immediately prior to, Defendant Rubin was engaged in the furtherance of Defendants' Split and GTL's federal motor carrier business.

16. Defendant Split is the statutory employer of Defendant Rubin pursuant to the Federal Motor Carrier Safety Act and regulations. Specifically, Defendant Rubin operated under the authority of Defendant Split and Defendant Split is liable for Defendant Rubin's acts and omissions as a company driver under the doctrine of statutory employer, 49 C.F.R. § 390.5, 49 C.F.R. § 376.12; 49 C.F.R. § 14102(a), as well as under agency theory, respondeat superior, master/servant, and negligent entrustment.

17. At the time of the occurrence of the act in question and immediately prior to, Defendant Rubin was engaged in accomplishing a task for which he was employed by Defendant Split. Plaintiff invokes the doctrine of *respondeat superior* against Split LLC, which is vicariously liable under said doctrine, because Defendant was operating their vehicle in the course and scope of his employment with Split LLC.

18. Defendant Rubin was the apparent and ostensible employee and/or agent of Defendant Split as he holds himself out as such, driving a vehicle owned or leased by Split at the time of the collision, and Split has never outwardly manifested any lack of authority on the part of Defendant Rubin to act as its authorized agent and/or employee.

**B.**   *Negligent Motor Carrier-Defendant Split*

19. At the time of the collision, Defendants Split was registered as a motor carrier, common carrier, and motor contract carrier with the Department of Transportation, Federal Motor Carrier Safety Administration.

20. Defendants Split owed non-delegable duties to the motoring public and as set forth under Restatement (2d) of Torts, § 428, § 414 §411 and other applicable laws.

21. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following theories of negligence on the part of Defendant Split: Split was negligent when they selected, hired, trained, retrained, and/or retained Defendant Rubin, to arrange for shipment, dispatch for shipment, and transport of goods on the day of the collision. Further, Split acted as a motor carrier

on the day of the collision and with respect to the goods being transported for GTL by Defendant Rubin because they controlled, operated, and directed the operation of the truck and trailer.

**C.  *Direct Negligence—Defendant Split***

22. Defendants Split is also independently negligent in one or more of the following respects:

    a. Negligent hiring;

    b. Negligent driver qualifications;

    c. Negligent training and/or safety implementation;

    d. Negligent supervision and monitoring of Defendant Philip Rubin;

    e. Negligent retention;

    f. Negligent contracting;

    g. Negligent entrustment of equipment;

    h. Liability as statutory employer of Defendant Rubin as having exclusive possession, control, use and complete responsibility for the equipment and complete responsibility for its operation under 49 U.S.C. § 14102(a), 49 C.F.R. §§ 376.11-12(c); § 376.26; § 49 C.F.R. § 390.5;

    i. Negligent maintenance ; 49 C.F.R. § 396.3(a)

    j. Failure to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred;

    k. Failure to train drivers on the FMCSA "required knowledge elements," and

    l. Other acts of negligence.

Each of these acts, individually or in combination with others, constituted negligence on the part of Defendant Split that proximately caused Plaintiff's injuries and damages.

## Negligence of Defendant GTL

**D.  *Vicarious Liability/Respondeat Superior* (Third Restatement of Torts)**

23. Plaintiff will show that Defendant GTL is liable for the damages and injuries that were proximately caused by the negligence of Defendant Rubin. Defendant GTL had control over the manner, methods, and procedures that Defendant Rubin used in carrying out assigned duties. Defendant GTL retained a

contractual right of control and/or exercised actual control over the work of Defendant Rubin, including safety-related tasks.

24. At the time of the occurrence of the act in question and immediately prior to, Defendant Rubin was engaged in the furtherance of Defendants' Split and GTL's federal motor carrier business.

25. Defendant GTL contracted with independent contractors, such as the defendants in this matter, Split and Philip Rubin. Defendant Split was contracted by GTL to haul its trailer and deliver products to individuals and entities.

26. Pleading alternatively, Defendant GTL is the statutory employer of Defendant Rubin pursuant to the Federal Motor Carrier Safety Act and regulations. Specifically, Defendant Rubin and Defendant Split operated under the authority of Defendant GTL and Defendant GTL is liable for Defendant Rubin's acts and omissions as a company driver under the doctrine of statutory employer, 49 C.F.R. § 390.5, 49 C.F.R. § 376.12; 49 C.F.R. § 14102(a), as well as under agency theory, respondeat superior, master/servant, and negligent entrustment.

27. Pleading further, when Defendant GTL entered into an arrangement with Defendant Split and/or Defendant Rubin to use vehicles not owned by them to transport property, Defendant GTL assumed legal possession, control, and use of the equipment, including the truck-tractor involved in the collision, under 49 U.S.C. § 14102(a); 49 C.F.R. § 376.11-376.12(c); 49 C.F.R. § 376.26; 49 C.F.R. § 390.5 (defining employer and employee to include independent contractors).

28. Defendant GTL is liable (vicariously and otherwise) for the acts of their agents/borrowed servants and statutory employee, Defendant Rubin, as well as the acts of Defendant Split.

E. *Negligent Motor Carrier-Defendant GTL*

29. At the time of the collision, Defendant GTL was registered as motor carrier, common carrier, and motor contract carrier with the Department of Transportation, Federal Motor Carrier Safety Administration.

30. Defendants GTL owed non-delegable duties to the motoring public and as set forth under Restatement (2d) of Torts, § 428, § 414 §411 and other applicable laws.

Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of

the following theories of negligence on the part of Defendant GTL: GTL was negligent when it selected and hired Defendant Split and when they selected, hired, trained, retrained, and/or retained Defendant Rubin, to arrange for shipment, dispatch for shipment, and transport of goods on the day of the collision. Further, Defendant GTL acted as a motor carrier on the day of the collision and with respect to the goods being transported by Defendant Rubin because they controlled, operated, and directed the operation of the truck and trailer.

F. *Direct Negligence—Defendant GTL*

31. Defendants GTL is also independently negligent in one or more of the following respects:

   a. Negligent hiring;

   b. Negligent driver qualifications;

   c. Negligent training and/or safety implementation;

   d. Negligent supervision and monitoring of Defendant Philip Rubin;

   e. Negligent retention;

   f. Negligent contracting;

   g. Negligent entrustment of equipment;

   h. Liability as statutory employer of Defendant Rubin as having exclusive possession, control, use and complete responsibility for the equipment and complete responsibility for its operation under 49 U.S.C. § 14102(a), 49 C.F.R. §§ 376.11-12(c); § 376.26; § 49 C.F.R. § 390.5;

   i. Negligent maintenance ; 49 C.F.R. § 396.3(a)

   j. Failure to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred;

   k. Failure to train drivers on the FMCSA "required knowledge elements," and

   l. Other acts of negligence.

Each of these acts, individually or in combination with others, constituted negligence on the part of Defendant GTL that proximately caused Plaintiff's injuries and damages.

## Joint Enterprise/Joint Venture: all Defendants

32. Defendants engaged in a joint enterprise to deliver the load at issue. Specifically, Defendants had an

express or implied agreement among the members of the group with respect to the business mission at the time of the collision, a common purpose, a common business or pecuniary interest, and an equal right to direct and control the enterprise. See Restatement (Second) of Torts § 491.

33. Defendant Rubin provided his time in operating the tractor trailer to transport the goods.

34. Defendant Split provided the tractor and money for the transportation of goods.

35. Defendant GTL provided the trailer and money for the transportation of goods.

36. Defendants Split and GTL, acting as shippers, provided time, money and property in arranging for the transportation of goods, offering money to Defendant Rubin, and providing the use of software and applications to assist in the logistics.

37. Defendants also engaged in a joint venture to deliver the load at issue. Specifically, Defendants had a community of interest in the venture with respect to the business mission at the time of the collision, an agreement to share profits, and express agreement to share losses, and a mutual right of management of the venture for the purpose of transporting the load at issue.

38. Defendant Rubin provided his time in operating the tractor trailer to transport the goods.

39. Defendant Split provided the tractor and money for the transportation of goods.

40. Defendant GTL provided the trailer and money for the transportation of goods.

41. Defendants Split and GTL, acting as shippers, provided time, money and property in arranging for the transportation of goods, offering money to Defendant Rubin, and providing the use of software and applications to assist in the logistics.

42. Defendants had the right of mutual control over the property, the transportation of property, and the enterprise. Defendants Split and GTL thereby imputed the acts of Defendant Rubin. Because these Defendants engaged in a joint enterprise and/or joint venture to transport the goods being transported by Defendant Rubin when the collision occurred, they are jointly and severally liable for each other's negligent conduct, as set forth above.

43. Each of these acts and/or omissions by Defendants Rubin, Jock, Split, and GTL, committed jointly or severally by the Defendants, whether taken singularly or in any combination, constitute negligence

and/or negligence per se that proximately caused the occurrence and injuries and other losses specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, and all other damages and losses to Plaintiff.

## Damages

44. Plaintiff suffered the following damages as a proximate result of Defendants' negligence:

    a. Physical pain in the past and;
    b. Mental anguish in the past;
    c. Physical impairment in the past;
    d. Lost wages in the past, and
    e. Medical expenses in the past.

45. In order to satisfy the technical requirements of Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and any call by Defendants' insurance defense attorneys to plead as to the amount of damages, Plaintiff's attorney states that, at the time of filing this Amended Complaint, the maximum amount of damages sought exceeds $250,000 but does not exceed $1,000,000.00. Plaintiff's attorney further asserts that the amount of damages in this case is best left to the discretion of the jury after all of the evidence is presented at trial. Plaintiff will not be in a position to determine how much damages she will seek from Defendants until she sees what evidence is discovered. Plaintiff's attorney reserves the right granted under the Federal Rules of Civil Procedure to increase or decrease the maximum amount of damages sought to conform to information obtained through discovery in this case, the evidence presented at trial, and/or the verdict of the jury.

## Reservation of Rights

46. These allegations against Defendants are made acknowledging that investigation and discovery, though undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential dismissal of parties from the case. The right to do so, under Federal law, is expressly reserved.

## Rule 902 Notice

47. Plaintiff hereby gives notice to the Defendant that any and all documents and referenced in Federal Rule of Evidence 902 and CRF 29 §18.902 may be used at any pretrial proceeding and/or trial of this case without the necessity of authenticating said documents and things.

## Prayer

48. For these reasons, Plaintiff Raquel Ledesma respectfully requests that Defendants be cited to appear and answer, and on final trial, that he have judgment against Defendants for:

    a. Actual damages;
    b. Pre-judgment and post-judgment interest as allowed by law;
    c. Taxable costs of Court; and
    d. All other relief the Court deems appropriate under the law or in equity.

Respectfully Submitted,

**BATRICE LAW FIRM**
8030 N Mopac Expwy
Suite 300
Austin, Texas 78759
Phone: (512) 600-1000
eservice@batricelawfirm.com

By: _____
TYLER CHURCHMAN
SBN: 24116200
PAUL A. BATRICE
SBN: 24048344
BENJAMIN J. AUERBACH
SBN: 24094519
JACOB C. CADENA
SBN: 24100069

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      On **9/6/24**, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                            /s/ *Tyler Churchman*
                                                            Tyler Churchman