IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **RAQUEL LEDESMA**<br>*Plaintiff,*<br><br>v.<br><br>**PHILLIP AGOK RUBIN, et al.,**<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 6:24-CV-00401-ADA-DTG |

**REPORT AND RECOMMENDATION DENYING
DEFENDANT GTL'S MOTION TO DISMISS (ECF NO. 9)**

**TO:    THE HONORABLE ALAN D ALBRIGHT,
         UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant GTL Truck Lines, Inc.'s Motion to Dismiss (ECF No. 9). After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that the Motion be **DENIED.**

**I.     BACKGROUND**

Plaintiff Raquel Ledesma was injured in a collision with Defendant Phillip Agok Rubin on IH-35. ECF No. 12 at 2. At the time of the collision, Defendant Rubin was driving a Freightliner truck owned by Defendants Elijah Jock and Split LLC. *Id.* The Freightliner truck was pulling a utility trailer registered to Defendant GTL. *Id.*

Plaintiff filed suit in the District Court of Hill County, Texas and Defendant GTL removed the case to this Court. ECF No. 1. On August 19, 2024, GTL moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Original Petition arguing Plaintiff's claims are preempted

1

by the Federal Aviation Administration Authorization Act ("FAAAA"). ECF No. 9. Plaintiff filed her First Amended Complaint on September 6, 2024. ECF No. 12.

Plaintiff's First Amended Complaint brings claims for negligence against GTL based on (1) vicarious liability; (2) Restatement (2d) of Torts, § 428, § 414 §411; (3) negligent hiring, training, supervision, retention, and entrustment; (4) negligence *per se*; and (5) joint enterprise liability. ECF No. 12 at 5–9.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint*." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where

the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

### III.   ANALYSIS

Plaintiff's First Amended Complaint renders the original petition of no legal effect because the amended complaint does not refer to, adopt, or incorporate by reference the original complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Generally, an amended complaint renders pending motions moot. *See Cedillo v. Standard Oil Co. of Tex.*, 261 F.2d 443 (5th Cir. 1958) (finding that the district court erred in granting an abandoned motion to dismiss). But where a motion to dismiss attacks the original complaint for deficiencies that persist in the amended complaint, the Court has discretion to apply the original motion to dismiss to the amended complaint. *New World Int'l, Inc. v. Ford Glob. Techs.*, No. 3:16-CV-1112-M, 2017 WL 1078525,

at *5 (N.D. Tex. Mar. 22, 2017). Here, GTL argues that Plaintiff's First Amended Complaint fails for the same reason Plaintiff's Original Petition fails to state a claim. ECF No. 14 at 2. The Court finds that the same alleged deficiencies persist in the amended complaint. As such, will apply GTL's motion to Plaintiff's First Amended Complaint.

After reviewing Plaintiff's First Amended Complaint, the motion to dismiss, the response, and the reply, the Court finds that the Plaintiff has stated a plausible claim for purposes of defeating a Rule 12(b)(6) motion to dismiss.

## IV.     RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant's Motion to Dismiss (ECF No. 9) be **DENIED**.

## V.     OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate

review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 27th day of February, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE